# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| WILLIAM J. GREEN, ) | |
| ) | |
| Plaintiff, ) | Case No. CV413-188 |
| ) | |
| VINCENT KEITT, NATHANIAL ) | |
| KEITT, BETTY KEITT, EDITH ) | |
| KEITT, SHIRLEY MILLS, ALBERT ) | |
| MILLS, FRANCES WHELLEMS, ) | |
| ESTATE OF THE LATE ) | |
| IRENE KEITT, LESTER B. ) | |
| JOHNSON, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff William Green has filed a complaint alleging a variety of unrelated claims against a host of defendants. Some of the allegations of his complaint are factually frivolous, and all of them lack any basis for federal jurisdiction.

Green asserts that he won a settlement against his ex-landlord, Vincent Keitt, for damages Keitt caused him by failing to provide safe living conditions. (Doc. 1 at 4.) Keitt, however, never paid him. (*Id.*) He further claims that Keitt's attorney, Lester Johnson, operated under a conflict of interest, since he had represented Green in a criminal matter some 26 years earlier. (*Id.*) In an unrelated claim, he states that

Francis Whellems "defamed, embellzed [sic] and obstructed and violated my property rights and my person" by implicating him in a 600-person orgy that occurred in Albany, Georgia. (*Id.* at 5.) He claims he either was coerced into the orgy or framed by Albert and Shirley Mills who "just got out of prison to entrap plaintiff." (*Id.*) In the same vein, he insists that the defendants "continue to target me individually as persons and deminsional [sic] entities, by use of subliminal insedious [sic] stimili [sic] and have perjured themselves and attempt that orgy!" (*Id.*) He asks the Court to make a "probe and investigation" of his claims, to grant him $50,000 in damages. (*Id.*) He also asks the Court to obtain the $7,000 in settlement money from Keitt and to reverse several related state court decisions. (*Id.* at 6.)

Green cannot afford to pay the Court's filing fee, so he seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 2.) That motion is GRANTED. But Green's complaint cannot survive initial screening and therefore must be dismissed.

Pursuant to 28 U.S.C. § 1915(e)(2), courts are required to dismiss IFP proceedings that are determined to be frivolous or malicious or that

fail to state a claim upon which relief may be granted. *See Williams v. St. Vincent Hosp.*, 258 F. App'x 293, 294 (11th Cir. 2007). Hence, this Court can *sua sponte* dismiss claims resting upon "'an indisputably meritless legal theory'" or "factual contentions [that] are clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). Factually frivolous claims include those that describe "'fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" *Id.* (quoting *Neitzke*, 490 U.S. at 328); *Gallop v. Cheney*, 642 F.3d 364, 366, 368-69 (2d Cir. 2011) (district court permitted to *sua sponte* dismiss complaint as factually frivolous where plaintiff, represented by counsel, filed complaint alleging that senior U.S. government officials caused the September 11, 2001 attacks); *Williams*, 258 F. App'x at 294 (affirming *sua sponte* dismissal where "complaint presents a 'far-fetched' scenario based on assertions of a massive conspiracy").

Green's claim that someone impersonated him at a 600-person orgy (or forced him to participate in such an event) is clearly delusional. That portion of his complaint must be dismissed as factually frivolous.

3

Further, Green has presented no basis for federal jurisdiction as to any of his claims. He has not cited to any federal statutes, and even reading between the lines, the Court cannot conceive of any claim buried in his complaint that would confer federal question jurisdiction under 18 U.S.C. § 1331. For instance, he has not named any state officials as defendants in the claim for defamation and slander, which would generally be a prerequisite to bringing such a claim in a federal court. And even if the defendants *were* state officials, the claim would likely fail, since in the vast majority cases mere slander does not create a cause of action under the federal civil rights statutes or the Constitution. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation.").

Any claim to the settlement money appears to rise under state contract or judgment-execution principles, not federal law. And Green has failed to provide any basis for diversity jurisdiction as to that (or any other) claim. Plaintiff and defendants all appear to be from the same state (doc. 3), so there is no "complete" diversity as required under

*Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Similarly, the amount in controversy here is only $57,000, which falls short of the $75,000 statutory requirement. 28 U.S.C. § 1332. In sum, even setting aside the complaint's frivolity, this case is doomed to fail for lack of jurisdiction under Fed. R. Civ. P. 12(h)(3).[1]

The Court **GRANTS** plaintiff's IFP motion but recommends that the case be **DISMISSED** as factually frivolous and for failing to offer facts supporting federal jurisdiction.

**SO REPORTED AND RECOMMENDED** this 20Th day of November, 2013.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**

---

[1] As an additional matter, the Court cannot reverse unfavorable state decisions. Federal district courts do not act as appellate courts over state tribunals. *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). "The *Rooker-Feldman* doctrine precludes federal courts -- other than the United States Supreme Court -- from reviewing final judgments of state courts." *Talley v. Columbus, Georgia Housing Auth.*, 402 F. App'x 463, 464 (11th Cir. 2010); *Liedel v. Juvenile Ct. of Madison County*, 891 F.2d 1542, 1545 (11th Cir. 1990); *Staley v. Ledbetter*, 837 F.2d 1016, 1017 (11th Cir. 1988) ("The federal courts are not a forum for appealing state court decisions."). Instead, such dissatisfied litigants must appeal through the state system and ultimately to the United States Supreme Court. *Leidel*, 891 F.2d at 1545.